IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-51096
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MARTHA ARREOLA WILSON,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-99-CR-366-ALL-H
--------------------
July 31, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Martha Arreola Wilson appeals from her convictions of importing marijuana into the United States and of possessing marijuana with intent to distribute. She contends that the evidence was insufficient for a rational jury to conclude that she was aware that marijuana had been secreted in the tires of the car she was driving at the time of her arrest. She further urges that her response of "I don't know" to many of the questions put to her after she was given a Miranda warning cannot be used as evidence of her guilty knowledge. Lastly, she urges

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court reversibly erred when it permitted the prosecutor to use information she had provided to her pretrial services officer in order to impeach her general credibility.

Wilson presented a plausible story about how she had been duped by a Mexican automobile mechanic into driving the marijauna-laden car into the United States. Nevertheless, a rational juror could have inferred from her suspicious conduct during questioning that she was a knowing participant in the scheme to smuggle the marijuana into this country. During questioning by customs officials, Wilson refused to identify the car's true owner or to explain how she had come to be in possession of the car. The jury could have determined from this that she was attempting to protect her coconspirators. See United States v. Ortega Reyna, 148 F.3d 540, 544 (5th Cir. 1998). Wilson also refused to provide customs agents with even the most innocuous information, such as where she lived or what her destination was. She even lied about having a job. The jury could have concluded that this was not the behavior of an innocent person.

Wilson's assertion that her refusal to answer some of the customs agents' questions cannot be used against her is similarly unavailing. We have refused to find a due-process violation when, as here, the defendant does not expressly invoke her right to remain silent but merely replies "I don't know" to the border patrol agents' questions. See United States v. Cardenas Alvarado, 806 F.2d 566, 573 & n.4 (5th Cir. 1986).

We also reject Wilson's argument concerning the prosecutor's

use of information she provided during her interview with the pretrial services officer.  Although the question of Wilson's credibility was paramount in this secret-compartment case, we conclude that Wilson's reticence and evasiveness during questioning render any error stemming from the admission of the pretrial-services information harmless.  <u>See</u> Fed. R. Crim. P. 52(a).  Accordingly, her convictions are

AFFIRMED.